## HITCHCOCK *against* HOTCHKISS.

Where land in which the debtor had an estate for life only, is levied upon, appraised and set off as an estate in fee-simple, the creditor acquires a title to the estate which the debtor had.

THIS was an action of ejectment for one equal and undivided moiety of a piece of land and a dwelling-house, of which the plaintiff averred that he was seised and possessed in his own right in fee-simple, as tenant in common with the defendant and one *Russel Hitchcock,* until a certain day, when the defendant entered and disseised him. The cause was tried at *New-Haven, January* term 1816, before *Trumbull, Baldwin,* and *Ingersoll,* Js.

On the trial, the plaintiff claimed title to the demanded premises by virtue of the levy of an execution against the defendant, and the subsequent proceedings required by statute. The defendant insisted that the plaintiff gained no title by such levy and proceedings. The officer's return stated, that he levied the execution on the land and building in question ; that he procured the appointment of appraisers in the mode prescribed by law ; that the appraisers, being duly sworn, appraised said land and building at 650 dollars ; and that, the amount of the execution and costs being 64 dollars 90 cents, he set off to the creditor " an undivided right in said land and building, at the sum of 64 dollars 90 cents, in proportion as that sum is to 650 dollars, in full payment and satisfaction of the execution." The certificate of the appraisers was thus : " We the subscribers, indifferent freeholders, &c. appointed to appraise the above described land and building, do appraise the same at 650 dollars." It appeared that the defendant was in possession of the premises at the time of the levy, but that he had only a life estate therein, the fee being vested in his wife. Upon these facts, the

defendant claimed, that the plaintiff was not entitled to recover in this action, because the declaration averred that he owned the premises in fee-simple, and demanded the same as such ; and because the estate, which the defendant had in the premises at the time of the levy, was never appraised, nor set off.  But the court, as to these points, directed the jury as follows : " If a plaintiff in his declaration claims title to lands in fee, and proves title only to an estate for life in them, this mistake is not fatal to his demand ; but he may recover the seisin and possession of the premises.  The defendant in this case had an estate for life in the lands demanded ; and a levy on that is good, and the plaintiff will have right to the seisin and possession."  The jury accordingly found a verdict for the plaintiff ; and the defendant moved for a new trial on the ground of a misdirection.  The questions of law arising on this motion, were reserved for the consideration and advice of the nine Judges.

*Staples,* in support of the motion, contended that as the mode of acquiring title to real estate by execution is unknown to the common law, and rests wholly upon the express provisions of the statute, (*a*) the requisites of the statute must be strictly complied with, which must appear upon the face of the title.  In this case, the debtor had only an estate for life in the land ; and *that* estate was never appraised or set off.

*N. Smith,* contra, insisted that all the steps requisite to make a good title had been taken.  The statute only requires that the *land*, and not the precise interest which the debtor has in it, shall be appraised and set off.  The title in question is analogous to a conveyance by deed of a fee-simple estate in land, where the grantor owned only an estate for life. This is sufficient to pass the interest which the grantor had. The greater estate includes the less.  Nothing has been done by which the defendant is injured ; and no one else is affected.

SWIFT, Ch. J.  The question is, whether the levy of an execution on land, and an appraisal as a fee-simple estate,

(*a*) *Tit.* 63. *c.* 1. *s.* 6, 7, 8.  See also 1 *Swift's Syst.* 332, 3, 4.

*Hartford,*
*June, 1816.*

Hitchcock
*v.*
Hotchkiss.

when the debtor had only an estate for life, will give such a title to the creditor that he can maintain ejectment.

It has been insisted on for the defendant, that the estate or interest he had in the land has not been appraised ; and therefore the statute has not been pursued so as to vest a title in the plaintiff.

The execution was levied on the land in the usual form ; and the land was appraised as an estate in fee. The defendant had a freehold estate ; he had an interest in the land. By appraising the whole estate, all his interest in the land was appraised. That there was a mistake in the quantity of his interest, so that a greater interest was appraised than he owned, can constitute no objection to the levy of the execution ; for all the interest of the defendant was appraised, and the maxim well applied, that *omne majus continet in se minus.* If a less interest had been appraised, the objection would have been valid.

Here the whole land was levied upon, and taken ; and this must comprehend any lesser interest, in the same manner as a deed of land as an estate in fee will comprehend any interest of the vendor in the land, however small.

I am of opinion that we ought not to advise a new trial.

In this opinion the other Judges severally concurred.

New trial not to be granted.